The $10,000 mortgage under foreclosure was made by the defendant Horn to Rosenblatt, the complainant, February 18th, 1925, payable in six months. Horn sought the loan through one Henig, a lawyer, who procured it from Rosenblatt, a money lender. Horn paid Rosenblatt a bonus of $450 — usury. When the mortgage came due Horn paid the debt and interest, $10,300, to Henig by check to his order as attorney. Henig pocketed the money and thereafter paid Rosenblatt regularly, every six months, the interest, $300, and a bonus of $450, until he was taken to the madhouse early in 1929. Henig pretended that the payments came from Horn and that he solicited the extensions for Horn. Four months after Horn paid Henig the debt he sold the mortgaged *Page 469 
premises to the defendant Roth, subject to two prior mortgages, but supposedly free and clear of the mortgage presently under foreclosure. Henig was the lawyer in that transaction, and, accommodating himself to the situation, forged Rosenblatt's name to a certificate discharging his mortgage, as a master, certified that Rosenblatt had acknowledged its execution before him, placed it on record and then destroyed it after it was returned to him. The fraud was not discovered until this bill was filed. Henig was without authority to collect the mortgage debt; Rosenblatt always had the mortgage in his possession. Horn paid Henig without getting the mortgage because, as he says, he had confidence in him (to pay the money over to Rosenblatt). These are the bald facts, well established. Henig's testimony that, four months after he embezzled the money, at the time he forged the certificate of discharge, Rosenblatt agreed that he should retain the money, he to pay the interest and the bonus installments, and this without the scratch of a pen, and with Rosenblatt holding fast to his mortgage, is just an additional crime — perjury. And Rosenblatt needs shriving. His testimony that the bonus was part payment of the mortgage debt and not usury, was consciously untrue.
It was Horn's money, not Rosenblatt's, that Henig embezzled. Horn entrusted it to Henig who stole it from Horn, not Rosenblatt. The forging was an imposition on Horn with Roth the innocent victim of Henig's perfidy and of Horn's culpability. No blame can rest upon Rosenblatt for not calling the mortgage until more than three years had elapsed; he was getting his interest (and bonus) promptly and he had his security. The delay, of course, postponed discovery, but it added nothing to Horn's loss nor to Roth's, suffered three years before. The applicable rule of law in these circumstances is laid down in Heyder v.Excelsior Building and Loan Association, 42 N.J. Eq. 403, by our court of errors and appeals that, as "between a mortgagee, whose mortgage has been discharged of record, solely through the unauthorized act of another party, and a purchaser who buys the title in the belief, induced by such cancellation, that the mortgage is satisfied *Page 470 
and discharged, the equities are balanced, and the rights in the order of time, must prevail. The lien of the mortgage must remain, despite the apparent discharge."
As the bonus paid for the loan is not appropriately pleaded as usury, there will be no forfeiture of interest and costs. That is the rule of our cases. The usury will be deducted from the principal of the mortgage as will the usury paid to the complainant by Henig. The interest received from Henig will be credited to interest.
 Counsel will make the calculation and submit form of decree. *Page 471